UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ALICE MEJIA, et al.,

    Plaintiff(s),

v.

WESTGATE LAS VEGAS RESORTS, LLC,

    Defendant(s).

Case No.: 2:18-cv-02128-GMN-NJK

**Order**

[Docket No. 28]

Pending before the Court is attorney Christopher Burk's motion to withdraw as counsel for Plaintiffs. Docket No. 28. Mr. Burk filed a supplement. Docket No. 38.[1] The Court previously set a hearing on the matter, but now finds one to be unnecessary and the hearing is **VACATED**. *See* Local Rule 78-1. For the reasons discussed below, the motion to withdraw is hereby **DENIED**.

**I.    STANDARDS**

As a fundamental premise, counsel is under an obligation to see the work through to completion when he agrees to undertake the representation of a client. *Streetman v. Lynaugh*, 674 F. Supp. 229, 234 (E.D. Tex. 1987). As such, leave of Court is required for an attorney to withdraw from a case. Local Rule IA 11-6(b). Whether to allow withdrawal is an issue entrusted to the

---

[1] Expecting that supplement may include some privileged information, the Court ordered that it be filed under seal. *See* Docket No. 29. The vast majority of that information is not privileged, however, and is already known to opposing counsel. *See* Docket No. 34. Accordingly, some of the facts provided in that filing will be discussed in this order, which will be issued on the public docket.

1

sound discretion of the Court. *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998). District courts are given "considerable deference" in making that decision. *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (collecting cases).

The applicable rules generally permit an attorney to withdraw if continued representation of the client will result in an "unreasonable financial burden on the lawyer." Nev. R. Prof. Conduct 1.16(b)(6). The fact that a case is not as profitable as counsel had hoped and will involve substantial expense does not constitute an "unreasonable financial burden" for which withdrawal is permitted. *McDaniel v. Daiichi Sankyo, Inc.*, 343 F. Supp. 3d 427, 432 (D.N.J. 2018) (applying analogous New Jersey rule). Moreover, withdrawal of an attorney may be denied where it will delay the proceedings. Local Rule IA 11-6(e).

**II.     ANALYSIS**

Mr. Burk's motion is predicated on his assertion that continuing to represent Plaintiffs would impose an unreasonable financial burden on him. *See* Mot. at 3. The Court disagrees. This case arises out of a timeshare purchase in the amount of $12,659.21. *See* Compl. at ¶ 19. Plaintiffs paid $4,000 to a non-party company assisting purchasers in obtaining relief from timeshare contracts, moneys that included payment for Mr. Burk to litigate this case on Plaintiffs' behalf. *See* Suppl. at ¶¶ 1-3. Hence, this is not a situation in which clients have stopped paying their attorney and, to the contrary, Plaintiffs already prepaid for Mr. Burk's representation. Mr. Burk argues that moneys he had been receiving from the non-party company have dried up because it has gone bankrupt. *See id.* at ¶¶ 16-18. Turning off that spigot has left Mr. Burk without sufficient revenue and his own firm filed for bankruptcy. *See id.* at ¶¶ 21, 23; *see also* Docket No. 32. The source of Mr. Burk's financial hardship is the business failure of his firm and the non-party company, events orthogonal to Plaintiffs. While the failure of Mr. Burk's business endeavor resulted in financial strain, he has not shown that requiring him to continue to represent Plaintiffs in this case <u>based on their full payment already made</u> could be considered an "unreasonable" financial burden—he must simply provide the services for which Plaintiffs have already paid.

Moreover, allowing withdrawal at this stage will result in delay. Mr. Burk has agreed to continue representing Plaintiffs through the rest of discovery, which will be completed within a

few days.  *See* Suppl. at ¶ 23.  Dispositive motions are due in a few weeks.  *See* Docket No. 19. Allowing Mr. Burk to withdraw at this procedural posture would inevitably delay the filing and briefing of motions for summary judgment.

**III.    CONCLUSION**

Accordingly, for the reasons discussed above, Mr. Burk's motion to withdraw as counsel for Plaintiffs is **DENIED**.  <u>Mr. Burk is advised that he must diligently pursue this case on Plaintiffs' behalf.</u>  The Clerk's Office is **INSTRUCTED** to mail a copy of this order on Plaintiffs at their address at Docket No. 37.

IT IS SO ORDERED.

Dated: June 17, 2019

_____
Nancy J. Koppe
United States Magistrate Judge